WASHINGTON VAN GILDER ET AL., PROSECUTORS, v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF CAPE MAY.

Argued February 21, 1912—Decided June 5, 1912.

The determination to lay out a public highway in a particular locality, and to take the lands of special owners for that purpose, is the exercise of a judicial and not a legislative function.

On *certiorari.*

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutors, *Robert H. McCarter, Allen B. Endicott* and *Charles C. Babcock.*

For the defendants, *Joseph Douglass, Bourgeois & Coulomb* and *Thompson & Smathers.*

The opinion of the court was delivered by

BERGEN, J. A rule having been allowed requiring the board of chosen freeholders of the county of Cape May and the Sutton & Corson Company, contractors, to show cause why a writ of *certiorari* should not be allowed to review certain resolutions adopted by the said board of chosen freeholders relating to the improvement of a public highway, under which rule testimony was taken covering the entire matter in controversy, and counsel having agreed that if the court reached the conclusion that the rule should be made absolute, then the court should consider the testimony as

though taken on the return of the writ of *certiorari*, and dispose of the case the same as if the writ had been allowed and returned, and we, being of the opinion that the writ should go, have considered and determined the merits presented by the record. Many reasons are urged why the proceedings under review should be set aside, but as that result must flow from the affirmance of one of them, it is not necessary to consider or pursue the others. The board of chosen freeholders of the county of Cape May having determined to change and alter the location of a portion of a public highway, adopted and repealed a series of resolutions purporting to carry out its purpose, the remaining and operative one being adopted September 14th, 1911, which declared "that a road known as the Ocean City road be widened, straightened, and the location thereof changed, and the said road improved as follows;" then follows the description. The effect of this change was the laying out of a new highway between two points of an existing highway a considerable distance from the old roadbed, and the affording of highway facilities to a tract of land which it had not theretofore the benefit of. This land belonged to a Mr. Fox, a member of the board of freeholders, who not only voted for the resolution but was the active agent in the promotion of the change in the location of the highway. The board proceeded to the acceptance of bids, awarding of the contract to Sutton & Corson Company, and the adoption of a resolution providing for the issue of bonds to defray the cost of the improvement, all of which proceedings have been brought here by this writ; but as they all depend upon the legality of the resolution providing for the improvement, they must stand or fall with it. The principal resolution declares that the improvement is to be made under "An act to authorize the boards of freeholders to lay out, open, widen, straighten, alter, change the grade or location of or otherwise improve any public highway under their control, and for that purpose to acquire lands by gift, purchase or condemnation, and to vacate any part of said public highway that may be rendered necessary for public travel by the widening, straightening, altering or

changing the location," &c., approved April 13th, 1908. This act (*Pamph. L.* 1908, *p.* 169) confers upon boards of chosen freeholders the powers stated in its title, and declares the method of instituting proceedings to condemn. It also provides that when commissioners are appointed in such proceeding they shall ascertain the value of the land taken as well as the damages resulting therefrom, in doing which they shall take into account the benefits conferred on the remaining land. We have thus this situation: a board of freeholders decides by a resolution to lay out a public highway over the lands of one of its members to the possible advantage of his remaining lands, which resolution he votes for as a member of that body. The defendant does not dispute the principle that no man can be a judge in his own case, but urges with great persistency that the act of voting by Mr. Fox was legislative and not judicial, but we think this contention is not supported by reason or authority. The resolution is not one relating to a general system affecting all the citizens of a municipality, but provides for the making of a particular improvement affecting property in one locality, and is therefore not legislative. *State, Vanatta* v. *Morristown,* 5 *Vroom* 445. The determination to lay out a public highway in a particular locality, and to take the lands of special owners for that purpose, is the exercise of a judicial and not a legislative function.

It was held in *Traction Co.* v. *Board of Works,* 27 *Vroom* 431, that an ordinance "laying out a particular street, or ordering it to be paved would be judicial in its quality," and this was affirmed by the Court of Errors and Appeals, 28 *Vroom* 710.

The adoption of the resolution to alter and change the course of the highway was in this case in substance and effect the laying out of a highway, and not a mere inconsequential alteration of an existing highway. It was a judicial conclusion in which an interested party participated and therefore voidable. The trouble is not cured even if there were sufficient votes without giving any effect to that of Mr. Fox. *Traction Co.* v. *Board of Works, supra.*

The resolution altering the location of the highway will be set aside, and as a sequence those which follow and rest upon it will also be set aside, with costs to the prosecutor.